IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWN McANELY & GARY BREVARD, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | |
| KEY ENERGY SERVICES, LLC & EDGE OILFIELD SERVICES | § § § § | CIVIL ACTION NO. _____ |
| Defendants. | § § § § | |

## PLAINTIFFS' COMPLAINT

Plaintiffs Shawn McAnely and Gary Brevard file this Complaint against Key Energy Services, Inc. ("Key"), and Edge Oilfield Services ("Edge") (collectively "Defendants") showing the Court as follows:

## INTRODUCTION

1. Defendants misclassified Plaintiffs as "exempt" from overtime under the Fair Labor Standards Act ("FLSA"),[1] and, as result, deprived them of overtime pay to which they are entitled under the FLSA. Plaintiffs bring this suit to recover all damages allowable by law.

## THE PARTIES AND JURISDICTION

1. Plaintiff Shawn McAnely is a natural person residing in Panola County, Texas. He was employed by Defendants within three years of the filing of this lawsuit. He has standing to file this lawsuit.

---

[1] 29 U.S.C. § 201, *et seq*.

2. Plaintiff Gary Brevard is a natural person residing in Medina County, Texas. He was employed by Defendants within three years of the filing of this lawsuit. He has standing to file this lawsuit.

3. Defendant Key's principal place of business is in Houston, Texas and it may be served with process through its registered agent: CT Corporation System, 1999 Bryan St., Dallas, Texas 75201-3136.

4. Defendant Edge is a subsidiary or related or affiliated company of Key. It does business in Texas and it may be served with process through its registered agent: CT Corporation System, 1999 Bryan St., Dallas, Texas 75201-3136.

5. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For several years, each Defendant has done business in the State of Texas.

6. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

7. Venue is appropriate under 29 U.S.C. § 1391(b)(1) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").

### FACTUAL AND LEGAL BACKGROUND

8. Plaintiffs had the following job duties while employed by Defendants within the past three years: They were blue-collar workers who operated hydraulic chokes.

9. Plaintiffs were paid a flat salary plus a day rate and/or bonus.

10. Plaintiffs typically worked a large amount of overtime hours. Defendants did not pay them overtime in the weeks in which they worked over 40 hours.

11. As explained below, given the job duties of Plaintiffs, Defendants misclassified them as being exempt from overtime under the FLSA. Accordingly, Defendants owe Plaintiffs unpaid overtime and other damages provided for by the FLSA.

## FLSA CLAIM FOR OVERTIME PAY

12. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq.*

13. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule. Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). No exemption applies in this case.

14. All conditions precedent, if any, to this suit, have been fulfilled.

15. At all material times, Plaintiffs were employees under the FLSA. 29 U.S.C. § 203(e).

16. At all material times, Defendants were and are an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

17. At all material times, Plaintiffs were manual laborers to whom no exemption under the FLSA applies.

18. At all material times, Plaintiffs routinely worked in excess of 40 hours per seven-day workweek and Defendants knew or should have known that to be true.

19. At all material times, Plaintiffs were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

20. At all material times, Defendants failed to pay Plaintiffs overtime compensation for hours worked over 40 in a seven-day workweek.

21. In the three years preceding the filing of this lawsuit, Defendants did not pay overtime to Plaintiffs.

22. During the three years preceding the filing of this lawsuit, Defendants have treated the Plaintiffs as if they were exempt from overtime under the FLSA.

23. Accordingly, Plaintiffs seek overtime pay earned for the time in which Plaintiffs worked for Defendants from January 14, 2013, through each Plaintiffs' last day of employment.

24. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

25. Plaintiffs are entitled to liquidated damages. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

26. Plaintiffs are entitled to reasonable attorneys' fees. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## JURY DEMAND

27. Plaintiffs demand a jury trial.

## DAMAGES AND PRAYER

Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants for the following:

    a.    Actual damages in the amount of unpaid overtime wages under the FLSA;

    b.    Liquidated damages under the FLSA;

    c.    Pre-judgment and post-judgment interest;

    d.    Court costs;

    e.    Reasonable attorneys' fees under the FLSA; and

    f.    All other relief to which Plaintiffs are entitled under the FLSA.

Respectfully submitted,

OBERTI SULLIVAN LLP

By:    s/ Edwin Sullivan
Edwin Sullivan
State Bar No. 24003024
S.D. Texas No. 24524
723 Main Street, Suite 340
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFFS